**BLD-193**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1056

_____

GEORGE C. JOHNSON,
                                                    Appellant

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF THE
TREASURY; JANE DOE 1-10; JOHN DOE 1-10; NJ DEPARTMENT OF HUMAN
SERVICES; ALISHA GRIFFIN; MONMOUTH CTY DIVISION OF SOCIAL
SERVICES; JOHN BOYLE; MONMOUTH CTY PROBATION DEPARTMENT;
CEE OKUZU; KAREN SAUNDERS, Deceased, PATRICK DOYLE, also known as
John Doe 1

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-01528)
District Judge:  Honorable Joel A. Pisano

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 31, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  June 14, 2012)

_____

OPINION

_____

PER CURIAM

George Johnson appeals pro se from the United States District Court for the District of New Jersey's order dismissing his complaint. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In March 2011, Johnson filed a complaint in District Court concerning a support debt obligation of $38,954.14. Johnson asserted that he actually owed only $19,477.07, possibly due to the death of his children's mother. In an amended complaint that he filed on April 25, 2011, Johnson asserted that his claims were brought under 42 U.S.C. § 1983, and that, in November 2010, the "defendants negligently by Administrative Offset and federal tax refund offset, continue to state and take an incorrect and unlawful amount by withholding. As a result of Defendants [sic] actions, it deprives plaintiff under color of law and is disobedience to the United States Constitution."

Each of the named defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (6), and on December 6, 2011, the District Court entered an order granting the defendants' motions.[1] The District Court explained that, to the extent that Johnson was challenging a state court order of support, any such claim was barred by the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Further, the District Court determined that Johnson's federal claims were barred under the

---

[1] The District Court also denied Johnson's motions to vacate arrears, for admissions, and to file a late notice of claim.

doctrine of sovereign immunity, and that, to the extent Johnson attempted to pursue common law negligence claims, they were time-barred under the New Jersey Tort Claims Act ("NJTCA").

Johnson now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a dismissal of a complaint. Landsman & Funk PC v. Skinder-Strauss Assoc., 640 F.3d 72, 75 (3d Cir. 2011). Because Johnson is proceeding pro se, we construe his filings liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

We agree with the District Court's analysis and decision to dismiss Johnson's federal claims under the doctrine of sovereign immunity. [2] See Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 197 (3d Cir. 2008) (stating that we engage in plenary review over Eleventh Amendment immunity determinations). The defendants named in Johnson's complaint included the United States of America, the United States Treasury Department, and several New Jersey state agencies and employees thereof. The Eleventh Amendment of the United States Constitution protects a state or state agency from a suit brought in federal court regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity. MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Section 1983 does not abrogate states' immunity.

---

[2] Because we are affirming the District Court's order on this basis, it is unnecessary to consider whether Johnson's claims are barred under the Rooker-Feldman doctrine.

3

Quern v. Jordan, 440 U.S. 332, 340-41 (1979). Further, "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity. . . ." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010). Neither the State of New Jersey nor its agencies or employees have consented to suit or waived their Eleventh Amendment immunity. The District Court thus properly dismissed the federal claims brought against these defendants. Similarly, the United States and the United States Treasury Department are also immune from suit, as Congress has not expressly articulated an exception to their immunity. See Becton Dickinson & Co. v. Wolckenhauer, 215 F.3d 340, 345-46 (3d Cir. 2000).[3]

Johnson also sued the Treasury Department, challenging its decision regarding a tax refund offset pursuant to the Treasury Offset Program. Under the Treasury Offset Program, the Treasury Department has authority to, among other things, collect delinquent non-tax debts and disburse federal payments (such as tax refunds) to certain state agencies. See 26 U.S.C. § 6402. The District Court correctly determined that the Treasury Department's actions with respect to an offset are not subject to judicial review and accordingly dismissed the claim. See 26 U.S.C. § 6402(g); 31 C.F.R. § 285.3(i).

Finally, the District Court properly dismissed any common law negligence claims on the ground that Johnson failed to serve a timely notice of claim under the NJTCA. See generally N.J. Stat. Ann. § 59:8-3; Cnty. Concrete Corp. v. Town of Roxbury, 442

---

[3] We note that the District Court appropriately dismissed Johnson's claims against the unnamed defendants based on its dismissal of all claims against the named defendants. See Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998).

F.3d 159, 173-74 (3d Cir. 2006).  Under the NJTCA, a plaintiff must file a notice of claim against "a public entity or public employee" within ninety days of the accrual of that claim.  N.J. Stat. Ann. § 59:8-8.  If the plaintiff fails to file a timely notice of claim, he or she is "forever barred" from asserting the cause of action unless, among other things, he or she demonstrates that "extraordinary circumstances" prevented him or her from timely filing the notice of claim.  N.J. Stat. Ann. § 59:8-8, -9.  Here, the District Court correctly dismissed Johnson's negligence claims under the NJTCA after concluding that the notice of claim was untimely and that Johnson failed to demonstrate that the delay was due to "extraordinary circumstances."

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment.  See 3d Cir. LAR 27.4; I.O.P. 10.6.